UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | Criminal Action No. 3:17-cr-170-CHB |
| JOSEPH R. WILLIS | DEFENDANT |

**JOSEPH WILLIS'S MOTION TO ADOPT CODEFENDANT DONTAY RICE'S MOTION TO SUPPRESS WIRETAP EVIDENCE, AND WILLIS'S MEMORANDUM IN SUPPORT OF STANDING**

Comes now the Defendant, Joseph Willis, by his counsel, Julie Kaelin, and pursuant to the Magistrate Judge's Order entered on October 3, 2018, respectfully files this motion to adopt Dontay Rice's *Motion to Suppress Wiretap Evidence* as well as Mr. Willis's Memorandum in support of standing.

1. On December 13, 2017, Dontay Rice filed a *Motion to Adopt* the motions filed (and to be filed) by the codefendants, including Clarence Rice. The motion was unopposed by the government, and the Court granted said motion. In subsequent proceedings, all codefendants joined in Dontay Rice's *Motion to Adopt* and the Court entered an order stating that all filed motions "will be considered to have been made equally applicable to all the defendants, unless a defendant opts out of it or if the United States objects to the application of that motion with respect to that particular defendant."

2. On July 6, 2018, Dontay Rice filed a comprehensive motion and supporting memorandum in support of the motion to suppress wiretap evidence. Pursuant to the Court's previous order, all co-defendants adopted said motion and memorandum. On July 23, 2018, the government filed it's response to Dontay Rice's *Motion to Suppress Wiretap Evidence*. On July

1 of 4

30, 2018, Dontay Rice filed his reply to the government's response. Subsequent to the filing of Dontay Rice's reply, codefendants, Odell Smith, Clifton Jones, and William Freeman filed written motions to adopt Dontay Rice's motion to suppress. All other co-defendants merely relied on the Court's previous order permitting adoption. On August 17, 2018, Federal District Court Judge Claria Boom, entered an order referring Dontay Rice's *Motion to Suppress Wiretap Evidence* to the Magistrate Judge for a hearing, if necessary, and for findings of fact, conclusions of law, and recommendations.

3.     On October 3, 2018, the Magistrate Judge entered a scheduling order relative to Dontay Rice's *Motion to Suppress Wiretap Evidence*. In this order, the Magistrate Judge overruled the codefendants Smith, Jones, and Clarence Rice's written motions to adopt Dontay Rice's *Motion to Suppress Wiretap Evidence*. The Magistrate Judge directed that the parties file additional motions to adopt and that they specifically address their standing to contest the wiretap applications.

4.     On December 5, 2017, the Grand Jury for the Western District of Kentucky returned an indictment against Clarence Rice, Clifton Jones, Dontay Rice, and eight other codefendants, charging them with one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of title 21 U.S.C. § 812 and 841(a)(1). The government alleges that between September, 2017 and December 5, 2017, Clarence Rice, Mr. Jones, Mr. Rice, and the eight other codefendants knowingly and intentionally conspired with each other to commit that offense.

5.     The wiretap orders which are the subject of this motion were issued on October 10, 2017, and November 13, 2017, by Judge Richard L. Young of the United States District Court for the Southern District of Indiana. The wiretap orders pertained to telephone number (502) 807-0803,

which allegedly belonged to Clifton Jones. In the course of discovery, the government has provided Joseph Willis and/or his counsel with audio recording and transcripts of intercepted phone calls between Mr. Jones and Mr. Willis. There are multiple calls between Joseph Willis and Clifton Jones. Because Mr. Willis's conversations were also intercepted in this process, he has standing to challenge the legality of the evidence insofar as arguments that those conversations were illegally obtained.

6.   18 U.S.C. §2518(10)(a) states as follows:

> "Any aggrieved person in any trial.... before any Court... of the United States.... may move to suppress the contents of any wire or oral communications intercepted pursuant to this chapter, or evidence derived therefrom, on grounds that ... the order of authorization or approval under which it was intercepted is insufficient on its face."

7.   18 U.S.C. §2510(11), defines an aggrieved person as one "who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." The United States Supreme Court has held that a person whose Fourth Amendment Rights were violated by the interception has standing to challenge the intercepted communications. See *Alderman v. United States*, 394 U.S. 165 (1969). In the present case, 18 U.S.C. §2510 and 2518 specifically provide that Joseph Willis has standing to challenge the wiretap orders.

8.   Mr. Willis therefore not only moves to adopt Dontay Rice's *Motion to Suppress Wiretap Evidence*, but further adopts any other arguments of his similarly situated codefendants which are also applicable to him.

WHEREFORE, Mr. Willis respectfully asks this Court to enter the attached Order or to otherwise grant him the requested relief.

Respectfully Submitted,

*/s/ Julie M. Kaelin*_____

**CERTIFICATE OF SERVICE**

This certifies a copy of the foregoing was this the 5th day of October, 2018, electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Julie M. Kaelin*_____